**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY GERALD DANKO, 1727465,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:15-CV-2683-L-BK** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

On October 30, 2009, a jury convicted Petitioner of three counts of aggravated assault on a public servant and assessed punishment at five years' imprisonment on the first count and ten years' imprisonment on the second and third counts to run concurrently.  In accordance with the jury recommendation, the trial court ordered that the ten-year sentences be suspended and that Petitioner be placed on community supervision.  Doc. 3 at 1; *State v. Danko*, No. 1147885, Criminal District Court No. 1, Tarrant County, Texas.  The state court of appeals subsequently affirmed his convictions, and the Texas Court of Criminal Appeals denied his state habeas application. *Danko v. State*, No. 02–09–00386–CR, 2011 WL 167071 (Tex. App. – Fort Worth, 2011, *pet. ref.*); *Ex Parte Danko*, No. WR-81-731-01 (Tex. Crim. App. 2014), available at

http://www.search.txcourts.gov/Case.aspx?cn=WR-81,731-01&coa=coscca (last visited Jan. 20, 2016).

On August 17, 2015, Petitioner filed the federal petition in this case, claiming trial counsel rendered ineffective assistance and the State relied on false evidence.  Doc. 3 at 5,7.  As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Doc. 5. [1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  His conviction became final on August 16, 2011 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on May 18, 2011.  *See* SUP. CT. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528

---

[1] The "mailbox rule" is inapplicable to this case because the state habeas application was filed by retained counsel and the federal petition was mailed by a friend or family member.  *See* Rule 3(d) of the Rules Governing § 2254 Proceedings (benefit of the "mailbox rule" extends only to inmates who use a jail/prison's internal mailing system); *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending "mailbox rule" to state habeas application delivered to prison authorities for mailing); *Cousin v. Lensing*, 310 F.3d 843, 847 and n. 2 (5th Cir. 2002) (prisoners represented by an attorney are not entitled to the benefit of mailbox rule; noting other circuits have declined to apply the mailbox rule to prisoners who employ non-attorney intermediaries to file federal petitions).

n. 3 (2003); *Danko*, 2011 WL 167071.  Thus, the one-year limitations period expired one year later on August 16, 2012.   Petitioner is not entitled to statutory tolling during the pendency of his state habeas application because it was filed on March 20, 2013, over six months after the one-year period expired.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final.   While Petitioner asserts "newly discovered evidence," namely, the reports of ballistics experts retained by Petitioner that allegedly support his contention that he never pointed his firearm at police officers, Doc. 5, Doc. 3 at 5, he fails to show that he could not have discovered the evidence before his conviction became final.  *See Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim."); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion that the one-year period begins when he "actually understands what legal theories are available"). Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

<u>*Equitable Tolling*</u>

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In fact, he delayed 19 months from the date his conviction became final before filing his state habeas application. Moreover, following the denial of his state application, Petitioner did not immediately file this federal petition, waiting instead almost an entire year before doing so.

In addition, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

SIGNED January 20, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE